IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DERRICK HARVEY,**

**Petitioner,**

**vs.**

**UNITED STATES OF AMERICA,**

**Respondent.**                                              **No. 10 - CV - 00647 DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on a petition for writ of habeas corpus (Doc. 1). Petitioner brings this action pursuant to 28 U.S.C. § 2241 to challenge his sentence as a career offender, which was imposed after his September 1999 conviction in the U.S. District Court for the Eastern District of Missouri. Among other points, petitioner claims that *United States v. Welch*, 604 F.3d 408 (7th Cir. 2010) establishes that a post-conviction change in the law has rendered the district court's sentencing determination unlawful. For the reasons that follow, the Court concludes that § 2241 cannot provide petitioner with the desired relief, and this action is **DISMISSED WITH PREJUDICE**. Petitioner's motion for extension of time (Doc. 7) is also **DENIED** as moot.

Petitioner was originally convicted in 1999 for possession with intent to

distribute heroin and using or carrying a firearm in furtherance of a drug-trafficking crime. Petitioner appealed his sentence by arguing that the district court had erred in classifying him as a career offender, because his previous conviction for manslaughter should not have been considered. That appeal was rejected and his sentence affirmed by the U.S. Court of Appeals for the Eighth Circuit. Then in 2001 petitioner filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence in the Eastern District of Missouri, again arguing that he was incorrectly sentenced as a career offender. The motion was denied. In 2005 he filed a § 2241 petition in the Eastern District of Missouri, arguing that his manslaughter conviction was not a crime of violence. The petition was dismissed because petitioner had failed to demonstrate that § 2255 was "inadequate or ineffective" to challenge his sentence. Petitioner next sought leave from the Eighth Circuit to file a successive § 2255 motion, again arguing that his crime of manslaughter should no longer be considered a violent crime for his career-offender status, but the court rejected his application. In 2006 he filed another § 2241 petition, this time in the U.S. District Court for the Western District of Missouri, and was again denied. So petitioner wrote several letters to the Eastern District of Missouri attempting to resurrect his § 2241 motion in that court, but those attempts were thwarted by his failure to show that § 2255 was inadequate or ineffective. In 2007 and 2008 petitioner submitted three requests to the Eighth Circuit for leave to file a successive § 2255 motion. Each was denied.

He next filed a § 2241 petition in this Court, arguing that his sentence was impermissibly enhanced due to his career-offender status. The Court rejected the

argument and dismissed the petition with prejudice. *Harvey v. Sherrod*, No. 08-CV-613-DRH, 2009 WL 2231718 (S.D. Ill. July 27, 2009).

Now petitioner brings another § 2241 motion before this Court, again challenging his sentence as a career offender. This time he cites the 2010 Seventh Circuit decision in *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010) as concluding that the Supreme Court's ruling in *Begay v. United States*, 553 U.S. 137 (2008) is retroactive and a basis for collateral attack. According to *Welch*, he says, a *Begay* error amounts to a claim of actual innocence. Petitioner concedes that *Welch* addressed a § 2255 motion, however, and not § 2241 (Doc. 5, p. 6–7). Petitioner also contends that the Eighth Circuit case *Sun Bear v. United States*, 611 F.3d 925 (8th Cir. 2010) is persuasive authority in support of his petition (Doc. 5, pp. 7–8). *Sun Bear* also held that *Begay* is retroactive and a basis for collateral attack under § 2255. *Sun Bear*, 611 F.3d at 629. Finally, petitioner says a decision by this Court finding him not entitled to relief under § 2241 would put us at odds with the Eleventh Circuit case *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010) (Doc. 5, p. 9). But that case has been vacated for rehearing. *Gilbert v. United States*, 625 F.3d 716 (11th Cir. 2010). Petitioner's other arguments appear to have been made before or are not authoritative. He does not argue that he is innocent of the underlying crimes. Instead he says he is actually innocent of the sentence enhancement: Petitioner "is factually innocent of the legal requirement for such an enhancement—two prior violent felonies. He only has one." (Doc. 1, p. 6).

RULE 4 of the RULES GOVERNING SECTION 2254 CASES IN UNITED STATES DISTRICT

COURTS provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." RULE 1(b) gives this Court the authority to apply the RULES to other habeas corpus cases.

A prisoner may challenge his federal conviction by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy generally supersedes the writ of habeas corpus, 28 U.S.C. § 2241. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). But a § 2241 petition may be brought to challenge the prisoner's conviction if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e).

In *In re Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The court stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as *having been imprisoned for a nonexistent offense*." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Thus the standard of inadequacy is a claim of actual innocence. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). Actual innocence may be established when a petitioner can "admit everything

charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer*, 347 F.3d at 218.

Such is not the case here. Petitioner was convicted of possession with intent to distribute heroin and using or carrying a firearm in furtherance of a drug-trafficking crime. He does not suggest that the charged conduct is no longer a crime. Instead, Petitioner argues once again that his crime of manslaughter should not have been used to classify him as a career offender for sentencing purposes. Where a petitioner is merely attacking his sentence in this way, instead of making a claim that he is actually innocent of the crime for which he was sentenced, the correct motion to be filed is a § 2255 motion. *In re Davenport*, 147 F.3d at 609–10.

*United States v. Welch* is unavailing because it addresses relief under § 2255. The Seventh Circuit even confirmed in *Welch* that the effect of *Begay* was not to narrow the elements of a criminal offense. *Welch*, 604 F.3d at 414. So the underlying crime in *Welch*, unlawful possession of a firearm, remained criminal conduct. *Id.* at 414–15. And the same is true here.

As this Court observed before, petitioner's arguments are not based on newly discovered evidence or on a new rule of constitutional law such that he might qualify for leave to file a successive § 2255 motion. *Harvey v. Sherrod*, No. 08-CV-613-DRH, 2009 WL 2231718, at *6 (S.D. Ill. July 27, 2009). Indeed he has unsuccessfully argued the application of *Begay* before in seeking leave to file a successive § 2255 motion before the Eighth Circuit (Doc. 5, p. 5). Nonetheless, petitioner cannot raise his current claim under the awning of § 2241 because it is not a claim of actual

innocence.

Therefore, 28 U.S.C. § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED WITH PREJUDICE**. Petitioner's motion for extension of time (Doc. 7) is **DENIED** as moot.

**IT IS SO ORDERED.**

Signed this 12th day of April, 2011.

Digitally signed by David R. Herndon
Date: 2011.04.12 13:47:37 -05'00'

**Chief Judge
United States District Court**